IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERWANNA KING PRITCHETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:23-cv-126-TFM-MU |
| | ) |
| SUSAN D. MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court are the *United States' Motion to Dismiss Plaintiff's Complaint* (Doc. 3, filed 05/23/23) filed by Defendant Tuscaloosa VA Medical Center and the *Motion to Remand* (Doc. 7, filed 8/16/23). The two motions are intertwined and will be addressed together here.

On April 14, 2023, the United States filed its notice of removal on behalf of the Tuscaloosa Veterans Administration Medical Center ("VA") indicating that it is removable due to federal agency/officer removal pursuant to 28 U.S.C. § 1442(a)(1). *See* Doc. 1. Afterwards, it filed its motion to dismiss to assert a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and insufficient service of process under Fed. R. Civ. P. 12(b)(5). Plaintiff filed her responses saying that the VA's motion is well taken and that the motion to dismiss should be granted. *See* Docs. 5, 6. Plaintiff then stated that once the VA is dismissed that the case should be remanded to the Dallas County Circuit Court.

Having reviewed the VA's motion, Plaintiff's responses, and the motion to remand, the Court concurs with the analysis presented therein. As such, the Motion to Dismiss (Doc. 3) is

**GRANTED** and the VA is terminated as a party to this action. As a result, it is then appropriate to **GRANT** the Motion to Remand (Doc. 7).

The Clerk of Court is **DIRECTED** to effectuate the remand.

**DONE** and **ORDERED** this 10th day of October, 2023.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE
